## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE O. ANSLEY, | : | CIVIL ACTION NO. 1:21-CV-528 |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| SECRETARY JOHN E. WETZEL, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

Plaintiff Lawrence Ansley ("Ansley"), a state inmate in the custody of the Pennsylvania Department of Corrections, commenced this action pursuant to 42 U.S.C. § 1983 setting forth various causes of action.  (Doc. 1).  Ansley subsequently filed a supplemental complaint.  (Doc. 28-1).  The supplemental complaint names the following defendants: Wayne Innis, David Radziewicz, Lieutenant Bellas, Lieutenant Nietz, Unit Manager Moser, and Officer Dietrech.[1]  Before the court is defendants' Rule 12(b) motion (Doc. 63) to dismiss the supplemental complaint.  For the reasons set forth below, the court will grant defendants' motion.

### I.   <u>Factual Background & Procedural History</u>

On March 4, 2021, Ansley was released from the restricted housing unit ("RHU").  (Doc. 28-1 ¶ 1).  However, on March 6, 2021, he returned to the RHU.  (<u>Id.</u>)  On March 7, 2021, security officers searched Ansley's cell and confiscated his legal

---

[1]  The supplemental complaint also names Officer Botscheller as a defendant in this action.  To date, the supplemental complaint has not been properly served on Officer Botscheller.  Accordingly, we will issue service of the summons and supplemental complaint on Officer Botscheller.

complaint and exhibits related to this lawsuit.  (Id.)  The following day, Ansley was released from the RHU.  (Id.)  Ansley alleges that his legal materials and related exhibits were confiscated during his transfer out of the RHU.  (Id.)

Ansley states that he contacted defendants Burns and McGinley and Major Tripp, but did not receive any justification as to why his legal work was confiscated. (Id. ¶ 2).  Defendant Moser allegedly offered to make copies of Ansley's legal paperwork and, an hour later, the security department returned some of Ansley's legal paperwork to him.  (Id. ¶ 3).  Ansley alleges that defendant Moser read his complaint, contacted security, and informed them that they were being sued.  (Id.)

On March 18, 2021, Ansley was placed on suicide watch in a psychiatric observation cell.  (Id. ¶ 4).  The following day, Ansley met with defendant Nietz, the Prison Rape Elimination Act ("PREA") Lieutenant, who escorted him to meet with a psychiatrist and several psychologists.  (Id. ¶ 4).  After his discharge from the psychiatric observation cell, Ansley was strip searched by Officer Botscheller.  (Id. ¶ 5).  Upon returning to general population, Ansley filed a PREA complaint.  (Id. ¶ 6). He was then contacted by defendants Radziewicz and Nietz who informed him that the strip search was protocol.  (Id.)

On March 23, 2021, members of the security department allegedly read Ansley's *in forma pauperis* application and placed him back into restrictive housing on March 24, 2021, under a "faux investigation."  (Id. ¶ 7).  Ansley contends that he was placed in a hard cell without a table or seat to discourage any pursuits of

litigation.  (Id. ¶ 8).  Ansley alleges that his legal work and a sweatsuit were stolen, and that defendant Dietrech packed his items.  (Id.)

Defendants move to dismiss the supplemental complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 63).  The motion is fully briefed and ripe for resolution.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the

face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See

Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step,

"the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"

Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal

elements of a claim should be separated; well-pleaded facts must be accepted as

true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v.

UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual

allegations have been isolated, the court must determine whether they are sufficient

to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550

U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient

to "raise a right to relief above the speculative level").  A claim "has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678.

## III.   **Discussion**

Defendants move to dismiss all claims against Innis, Bellas, Radziewicz,

Nietz, Moser, and Dietrech based on their lack of personal involvement in the

alleged constitutional violations.  (Doc. 64 at 4-8).  Individual liability can be

imposed under section 1983 only if the state actor played an "affirmative part" in

the alleged misconduct and "cannot be predicated solely on the operation of

respondeat superior."  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)).  "A defendant in a civil

rights action must have personal involvement in the alleged wrongs. . . .  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  <u>Rode</u>, 845 F.2d at 1207-08; <u>see</u> <u>also</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Atkinson v. Taylor</u>, 316 F.3d 257 (3d Cir. 2003).  Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible.  <u>Evancho</u>, 423 F.3d at 354; <u>Rode</u>, 845 F.2d at 1207-08.  Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  <u>Rode</u>, 845 F.2d at 1208.

A review of the supplemental complaint confirms that other than being listed as defendants, there are no allegations relating to defendants Innis and Bellas in the body of the supplemental complaint.  (<u>See</u> Doc. 28-1).  The allegations of the supplemental complaint are devoid of any factual averments that identify how Innis and Bellas engaged in misconduct, or how these two defendants were involved in the alleged wrongdoing.  This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief.  <u>See</u> <u>Hudson v. City of McKeesport</u>, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case).[2]  In his brief in opposition to defendants'

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

motion to dismiss, Ansley claims that Lieutenant Bellas "governed" the security team, which in turn moved him to a different housing block and to the restricted housing unit, and thereafter confiscated his legal materials. (Doc. 67 at 2-4). It is well-settled that a plaintiff cannot amend a complaint in an opposition brief. See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Moreover, a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was a prison supervisor when the incidents set forth in the complaint occurred. See Rode, 845 F.2d at 1207. Any attempt by Ansley to hold defendant Bellas liable for the actions of his subordinates is essentially an assertion of *respondeat superior* liability which seeks to hold this defendant liable based on his supervisory role. This ground of constitutional liability has been squarely rejected by the courts. See Rode, 845 F.2d at 1207. Additionally, Ansley cannot establish liability against defendant Bellas based upon his handling of Ansley's administrative grievance. (Doc. 67 at 3-5). It has long been recognized that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's grievance, is insufficient to establish personal involvement in the underlying unconstitutional conduct. See Rode, 845 F.2d at 1207-1208 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential) (holding that allegations that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not

6

establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).  Defendants Bellas and Innis are entitled to dismissal from this action.

Regarding the other defendants named in the supplemental complaint—Radziewicz, Nietz, Moser, and Dietrech—Ansley fails to identify sufficient conduct of each defendant that amounts to a violation of his rights.  With respect to defendant Nietz, Ansley alleges that he escorted him to speak with a psychiatrist and several psychologists.  (Doc. 28-1 ¶ 4; Doc. 67 at 5).  Ansley further asserts that defendant Nietz "treated his illness like a nuisance," is not qualified to make "'suicide precaution' decisions," and approved a body cavity search.  (Doc. 67 at 6).  Defendants Nietz and Radziewicz allegedly spoke to Ansley after he filed a PREA complaint concerning the strip search and informed him that the strip search was the appropriate protocol upon an inmate's return to general population.  (Doc. 28-1 ¶¶ 5-6; Doc. 67 at 7).  Ansley believes that defendant Radziewicz's office should have conducted an independent investigation regarding the strip search.  (Doc. 67 at 7).  Defendant Moser allegedly offered to make copies of Ansley's legal paperwork.  (Doc. 28-1 ¶ 3; Doc. 67 at 4).  Ansley theorizes that defendant Moser read his complaint and informed security that they were being sued, which triggered the return of his legal materials.  (Id.)  As to defendant Dietrech, Ansley merely alleges that he is listed on the property receipt form as the officer who packed his property.  (Doc. 28-1 ¶ 8).  Even construing all allegations in favor of Ansley, his supplemental complaint fails to articulate a legitimate basis for a claim against these defendants.

He does not provide any facts establishing that these defendants were involved in retaliatory conduct, cruel and unusual punishment, failure to protect, deliberate indifference, harassment, or denial of his equal protection and due process rights—the alleged violations enumerated in the supplemental complaint.  (See Doc. 28-1 at 1-2).  Accordingly, defendants' motion to dismiss will be granted.

## IV.   <u>Leave to Amend</u>

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint.  See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." <u>Phillips</u>, 515 F.3d at 245 (citing <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004)).  While Ansley has been granted the opportunity to file a supplement to the complaint, it falls short of alleging a plausible claim against the defendants named therein.  Therefore, the court finds that further amendment would be futile.  See <u>Jones v. Unknown D.O.C. Bus Driver & Transp. Crew</u>, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.").

**V.**     **<u>Conclusion</u>**

We will grant defendants' motion (Doc. 63) to dismiss the supplemental

complaint.  An appropriate order shall issue.


<u>/S/ Christopher C. Conner</u>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        July 28, 2022