IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE O. ANSLEY,** | : | CIVIL ACTION NO. 1:21-CV-528 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SECRETARY JOHN E. WETZEL,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Lawrence Ansley ("Ansley"), a state inmate in the custody of the Pennsylvania Department of Corrections, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Before the court is plaintiff's motion (Doc. 88) seeking sanctions based on defendants' failure to preserve video footage. For the reasons set forth below, we will deny the motion.

### I.  Factual Background & Procedural History

On March 23, 2021, Ansley filed his original complaint. (Doc. 1). He filed a supplemental complaint on July 14, 2021. (Doc. 28-1). The remaining claims from the original complaint are First, Eighth, and Fourteenth Amendment claims against Deputy Booher, Lieutenant Stavola, Ms. Bracca, Mr. Sneeden, Unit Manager Dunn, Officer Shultz, Officer Martz, Officer Long, and Sergeant Weeks. (See Docs. 73, 93). The remaining claims from the supplemental complaint are Fourth and Eighth Amendment claims against Officer Botscheller.[1] Generally, Ansley alleges that defendants conspired to retaliate against him, which subjected him to cruel and

---

[1] A motion to dismiss by defendant Botscheller remains pending. (Doc. 103).

unusual punishment, violation of his right to due process, property loss, and defamation of character. (See generally Docs. 1, 28-1).

On April 30, 2022, Ansley served defense counsel with two documents entitled Requests to Preserve Footage for Jury Trial. (Doc. 91-1). Therein, Ansley requested that defendants preserve video footage from incidents that occurred on June 25, 2020 at SCI-Benner Township (escort to the restricted housing unit "RHU"), January 10, 2021 at SCI-Coal Township (documenting masturbation), and March 18, 2021 at SCI-Coal Township (escort to psychiatric observation cell). (Id.) In response to these requests, defense counsel contacted staff at SCI-Benner Township and SCI-Coal Township to search for the videos. (See Doc. 91-2). Staff at SCI-Benner Township and SCI-Coal Township were not able to locate video footage from June 25, 2020, January 10, 2021, and March 18, 2021, that was retained and pertained to Ansley. (See id.)

On July 13, 2022, Ansley filed the instant motion requesting that the court impose sanctions for defendants' purported spoliation of electronically stored information. (Doc. 88). Defendants filed a response opposing Ansley's motion. (Doc. 91). The motion is ripe for disposition.

## II. Legal Standard

"Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." Bull v. United Parcel Serv. Inc., 665 F.3d 68,

73 (3d Cir. 2012). The United States Court of Appeals for the Third Circuit has held that "a finding of bad faith is pivotal to a spoliation determination." Id. at 79.

Federal Rule of Civil Procedure 37(e) addresses sanctions available for a party's loss or destruction of electronically stored information ("ESI"). Rule 37(e) provides:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> > (A) presume that the lost information was unfavorable to the party;
> >
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> >
> > (C) dismiss the action or enter a default judgment.

FED. R. CIV. P. 37(e).

Thus, there are two levels of sanctions under Rule 37(e). Pursuant to Rule 37(e)(1), upon finding "prejudice" to another party from loss of the information, the court may order measures no greater than necessary to cure the prejudice. FED. R. CIV. P. 37(e)(1). Before imposing the more severe sanctions available under Rule 37(e)(2), the court must make a finding that the party acted with the intent to

deprive another party of the information's use in the litigation.  FED. R. CIV. P. 37(e)(2).

## III. <u>Discussion</u>

Ansley asserts that the requested videos are central to the allegations in the original complaint and that defendants had a duty to preserve them.  (Doc. 89 at 8-9).  Rule 37(e) "does not apply to information that was lost or destroyed before a duty to preserve it arose."  <u>Bistrian v. Levi</u>, 448 F. Supp. 3d 454, 467 (E.D. Pa. 2020) (citing FED. R. CIV. P. 37(e) advisory committee's note (2015)).  "The duty to preserve arises no later than when a lawsuit is filed but may be triggered earlier than the filing of the complaint depending on the particular circumstances."  <u>Id.</u>  This lawsuit commenced when Ansley filed his original complaint on March 23, 2021, after the incidents on June 25, 2020, January 10, 2021, and March 19, 2021.  Defendants contend that it was not reasonably foreseeable that they should have preserved the video footage from these dates and imply that any responsive video footage was deleted before the complaint was filed.  (Doc. 91 at 6-7).

Defendants submitted the declarations of Captain Jeffrey Madden and Captain Robert Bookheimer wherein they explain when video footage is retained at state correctional institutions.  (Doc. 91-2 at 10-11, Madden Declaration ¶¶ 3-4; Doc. 91-2 at 12-13, Bookheimer Declaration ¶ 3).  Captain Madden explained that video footage is typically recorded over when a camera's memory capacity has been met, unless the video involved a planned or unplanned use of force.  (Doc. 91-2 at 10-11, Madden Decl. ¶¶ 3-4).  Captain Bookheimer further declared that video footage of

an inmate's escort to the RHU is generally not retained, unless in the event of an extraordinary occurrence report or other event deemed necessary by the Facility Manager. (Doc. 91-2 at 12-13, Bookheimer Decl. ¶ 3). The video footage at issue was not retained because the incidents did not involve either a planned or unplanned use of force, and there is no evidence that Ansley's escort to the RHU involved an event triggering retention of the video.

"When a party argues that spoliation occurred before the complaint was filed, the court must conduct a fact-sensitive inquiry to determine at what point the spoliating party reasonably should have anticipated the litigation." <u>Bistrian</u>, 448 F. Supp. 3d at 468. Ansley states that defendants should have been aware of impending litigation based on two grievances he filed on October 9, 2020, related to a "rape plot" fabricated by defendants. (Doc. 89 at 10; Doc. 89-1 at 38). However, the filing of these grievances does not support a pre-litigation duty to preserve recordings. Such an obligation arises when a party reasonably should have anticipated litigation concerning the grieved incidents. <u>Bistrian</u>, 448 F. Supp. 3d at 468 ("A party 'is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation."). Based on the filing of grievances related to a rape plot, defendants could not have reasonably anticipated litigation concerning the escort to the RHU on June 25, 2020, an incident involving masturbation on January 10, 2021, and the escort to the psychiatric observation cell on March 18, 2021. Because defendants could not reasonably foresee litigation and appreciate that the video footage at issue should

be preserved for possible use in that litigation, they were not under a duty to preserve the video footage.

**IV.     Conclusion**

We will deny plaintiff's motion (Doc. 88) for sanctions. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        January 5, 2023