IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAWRENCE O. ANSLEY,** | **:** CIVIL ACTION NO. 1:21-CV-528 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **SECRETARY JOHN E. WETZEL**, *et al.*, | : |
| | : |
| Defendants | : |

## MEMORANDUM

Plaintiff Lawrence Ansley ("Ansley"), a state inmate in the custody of the Pennsylvania Department of Corrections, commenced this action pursuant to 42 U.S.C. § 1983 setting forth several causes of action against the defendants. (Doc. 1). Ansley subsequently filed two supplements to the complaint. (Docs. 14, 28-1). The remaining defendants are Deputy Booher, Ms. Brocca, Unit Manager Dunn, Officer Long, Officer Martz, Officer Shultz, Mr. Snedden, Security Lieutenant Stavola, Sergeant Weeks, and Officer Botscheller. Before the court is a Rule 12(b) motion (Doc. 103) to dismiss by defendant Botscheller. For the reasons set forth below, the court will grant the motion.

**I.      Factual Background & Procedural History**

The allegations against defendant Botscheller appear in the supplemental complaint and focus narrowly on the strip search performed when Ansley was leaving the Psychiatric Observation Cell ("POC"). (Doc. 28-1).

Ansley alleges that he was admitted to the POC on March 18, 2021. (Doc. 28-1 ¶ 4). Upon his arrival to the POC, Ansley asserts that he was strip searched. (<u>Id.</u> at

¶ 6). He then alleges that, on March 19, 2021, three prison officials placed him in a room where a psychiatrist and psychologists visited him. (Id. ¶ 4). As he was leaving the POC on March 19, 2021, defendant Botscheller conducted a strip search. (Id. ¶ 5). Defendant Botscheller allegedly ordered Ansley to spread his buttocks and lift his genitals. (Id.) During this strip search, Ansley states that female staff members walked by in the hallway. (Id.) When Ansley returned to A-block, he filed a complaint pursuant to the Prison Rape Elimination Act. (Id. ¶ 6).

Defendant Botscheller moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 103). The motion is fully briefed and ripe for resolution.[1]

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is

---

[1] Ansley's brief in opposition to defendant's motion to dismiss contains facts that are not expressly set forth in the complaint or supplements. (See Doc. 109). The court may not consider such allegations because a complaint cannot be amended by way of an opposition brief. See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. Discussion

### A. Fourth Amendment Claim

Ansley alleges that defendant Botscheller conducted a strip search and he "was forced to spread [his] buttocks" and lift his genitals, "as female staff members walked past in the hallway." (Doc. 28-1 ¶ 5).

Inmates do not have a Fourth Amendment right to be free of strip searches under all circumstances. See Bell v. Wolfish, 441 U.S. 520 (1979); see also Watson v. Secretary Pennsylvania Dep't of Corrections, 436 F. App'x 131, 136 (3d Cir. 2011).[2] Although strip searches constitute a "significant intrusion on an individual's privacy," United States v. Whitted, 541 F.3d 480, 486 (3d Cir. 2008), where prison officials conduct such searches in a reasonable manner to maintain security and to prevent the introduction of contraband or weapons in the facility, strip searches do not violate the Fourth Amendment. See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 621 F.3d 296, 309-311 (3d Cir. 2010), affirmed, 566 U.S. 318 (2012).

When determining the reasonableness of a search, courts must balance "the need for the particular search against the invasion of personal rights that the search entails" and consider "the scope of the particular intrusion, the manner in which it

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 558-59 (holding that the prison's policy of strip and visual body cavity searches, requiring inmates to stand naked, lift their genitals and bend over and spread their buttocks for visual inspection, did not violate an inmate's Fourth Amendment rights); see also Brown v. Blaine, 185 F. App'x 166, 169-70 (3d Cir. 2006) (finding no constitutional violation where inmate was required to lift his genitals, spread his buttocks, and then place his hands on his head and sweep his mouth with his fingers).

The Supreme Court also held that it is constitutional to conduct a full strip search of an individual detained in the general population of a jail, regardless of the reason for detention or the existence of reasonable suspicion that the individual is concealing something. Florence, 566 U.S. at 328 (explaining that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities"); see also Small v. Wetzel, 528 F. App'x 202, 207 (3d Cir. 2013) (holding that it is constitutional to conduct a full strip search of an inmate in general population, "regardless of the reason for detention or the existence of reasonable suspicion that the individual is concealing something") (citing Florence, 566 U.S. 318).

Here, defendant Botscheller conducted the strip search after Ansley left the POC and was returning to the A-block housing unit. Under similar circumstances pertaining to inmate movement through a facility, the Third Circuit Court of Appeals has held that prison officials may conduct visual body cavity searches when

an inmate enters and exits his cell in a restricted housing unit, if such searches are performed in a reasonable manner.  Millhouse v. Arbasak, 373 F. App'x 135, 137 (3d Cir. 2010) (citing Bell, 441 U.S. at 559-60); see also Brown, 185 F. App'x at 169-70 (upholding the constitutionality of a visual body cavity search performed on a prisoner upon his reentry into a restricted housing unit where the plaintiff did not "challeng[e] the need for the search, but rather, the manner in which it was performed").  Moreover, Pennsylvania Department of Corrections' Policy 203, Searches of Inmates and Cells, explicitly provides that "[a] strip search shall be conducted when necessary for the security and good order of the facility, including [in] the following situations…when an inmate is admitted/discharged from a…Mental Health Unit."  DC-ADM 203, Section 2(B)(1)(h), available at: https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/203%20Searches%20of%20Inmates%20and%20Cells.pdf (last accessed July 10, 2023).  Ansley fails to allege facts from which it can be concluded that defendant Botscheller went beyond a reasonable strip search on this single occasion.  Ansley states that the strip search was conducted upon reentry to the A-block housing unit, as is required by institutional policy.  (Doc. 28-1 ¶¶ 5-6).  Ansley's Fourth Amendment strip search claim does not rise to the level of a cognizable constitutional violation and will be dismissed.

    **B.**    **Eighth Amendment Claim**

Where a prisoner alleges that the strip search was conducted in a physically abusive manner, the Eighth Amendment applies.  See Jordan v. Cicchi, 428 F.

6

App'x 195, 199-200 (3d Cir. 2011) (explaining that an excessive force claim arising from a strip search may proceed under either the Fourth Amendment or the Eighth Amendment, but the latter is "the primary source of protection after an individual's conviction").  To state an Eighth Amendment excessive force claim, the inmate must establish that the force used by the prison official was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  The court must consider the following factors to determine if the excessive use of force states a claim under § 1983: "(1) the need for the application of force; (2) the relationship between that need and the amount of force that was used; (3) the extent of the injury inflicted; and (4) [w]hether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm."  Graham v. Connor, 490 U.S. 386, 390 (1989) (citations and internal quotations omitted).

The facts pled by Ansley fail to state an Eighth Amendment claim based on excessive force.  Ansley does not allege that the strip search was anything other than a routine search when he left the POC to return to the A-block housing unit.  While Ansley may believe that the strip search policy was unreasonable, he presents no factual allegations to support such a claim.  Nor do Ansley's allegations establish that the search was unreasonably intrusive.  He alleges no physical touching, harm, or force involved in the strip search.  Accordingly, Ansley's claim that the strip search violated his Eighth Amendment rights will be dismissed.

7

Ansley's complaint that female staff members purportedly "walked past in the hallway" while he was being strip searched in a "psychiatric observation cell", (see Doc. 14, p. 3), also does not rise to the level of a constitutional violation, even if he experienced embarrassment. The fact that female staff members were in a nearby hallway during the search does not violate the Constitution. See Small, 528 F. App'x at 206-07 (holding that the strip search of male prisoners in presence of female prison staff did not violate prisoners' constitutional rights); Marrow v. Pennsylvania, No. 1:18-cv-931, 2018 WL 4963982, at *5 (Oct. 15, 2018) (concluding that a strip search of a male inmate conducted in the presence of female officers did not violate the inmate's constitutional rights). This court has also held that when female staff members' observations of naked prisoners are done for a valid penological reason, no Eighth Amendment violation exists. See Solan v. Ranck, No. 1:06-cv-49, 2007 WL 4111424, at *8 (M.D. Pa. Nov. 16, 2007) (citations omitted). Ansley alleges that the female staff members walked through the hallway when the strip search was being conducted. (Doc. 14, p. 3; Doc. 28-1 ¶ 5). Ansley does not allege that the female staff members touched him, said anything to him, or conducted any part of the strip search. Nor does he allege that the female staff members observed him naked for reasons other than a valid penological reason. Furthermore, an allegation that a strip search was degrading or embarrassing fails to state a constitutional violation. See Millhouse, 373 F. App'x at 137 (body cavity strip "searches, even if embarrassing and humiliating, do not violate the constitution"); Brown, 185 F. App'x at 170 ("[w]hile we recognize that Brown may

8

have suffered embarrassment and humiliation while the search was being conducted, we cannot conclude that Brown's constitutional rights were violated by the search procedures employed."). Thus, defendant's motion to dismiss will be granted to the extent Ansley asserts his constitutional rights were violated when female staff members observed him naked.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). The allegations against defendant Botscheller are factually and legally flawed. The court finds that further amendment would be futile because Ansley has filed several supplements to the complaint and has failed to remedy the deficiencies. See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.").

## V. Conclusion

We will grant the motion (Doc. 103) to dismiss by defendant Botscheller. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: July 11, 2023